*462 The opinion of the Court was delivered by
Whitner, J.
The terms of the Act of 1823, authorizing office copies of wills to be given in evidence are very explicit. A notice of sixty days to the opposite party previous to the trial, is indispensable, and, in accordance with the rule laid down by this Court in an analogous case, should be in writing.
In reference to the second ground, it need only be said, that applications for the continuance of a cause are addressed to the discretion of the presiding Judge. To aid in the exercise of a sound discretion, terms are prescribed for the party applying, but because of the ever varying circumstances, no inflexible rule can be laid down; and no difference of opinion has been expressed as to the propriety of the course adopted in this case. Under the precise state of facts existing when the motion was made on Circuit, a continuance would have furnished an embarrassing precedent. However the objection of defendant’s counsel and the ruling of the Court may have taken the party unawares, by no just interpretation of surprise in its legal acceptation could the plaintiff be regarded as entitled to its shield. He had neither been misled by his adversary nor had any new development presented new issues, or rendered necessary other inquiries to ascertain facts then suggested for the first time, or lying without the range of preparation originally proper for the case.
The third ground presents plausible matter of complaint, but this must be taken in connection with the report of the case. The parties, the issue, and especially the question propounded to the witness, must be kept in view. The fact inquired after was the character of the plaintiff’s title, and not of declarant’s possession, a distinct substantive matter susceptible of higher evidence, and to be attained in a less objectionable mode. The general objection which attaches to all such evidence should always exclude it, unless in each particular case it is brought within some recognized exception. Declarations of third persons are incompetent to establish a specific *463 fact which is susceptible of being proved by witnesses who speak from their own knowledge, or which may be established by higher evidence. The intrinsic weakness of such testimony; its incompetency to satisfy the mind, and the frauds which might be practiced under such cover, all lead to the enforcement of the general rule, and incline the Courts not to extend the class of exceptions.
Had the declarant been living and on the stand his answer to the question propounded would not have been competent; another person equally cognizant of the fact, though interrogated, was not permitted to speak to the same point, and no complaint was made of that ruling. How then is it that declarant, because in possession, becomes a privileged witness. These estates were separate and independent as between the declarant and the plaintiff upon the plaintiff’s own allegation, and whether either was in possession of the premises during the period that elapsed, in no possible way affected the subject matter of inquiry.
I am certainly aware that declarations are often competent as a part of the res gestee when they would not otherwise be. They become in fact identical with the act done and so give it character by unfolding the nature and quality of facts they are intended to explain. Thus it is conceded a possession may be qualified or explained by the declarations of the possessor at the time, the apparent owner being thus cut down or elevated in his title as the case may be. This is the precise language of the books, and this the legitimate effect of such evidence; but the application to the case in hand is not seen. However conclusive it may have been shown that the declarant was in possession as a life-tenant only, it in no way resulted that the plaintiff was the remainder-man. This was the aim of the plaintiff, and falling short of that fact, his end would not have been attained. -If the inquiry on the Circuit had therefore been shaped as the ground of appeal now indicates, and the *464 declarations received limited merely to the character of the possession, the result must have been precisely the same.
On the remaining grounds little need be added to the notice taken of them in the report. The instructions to the jury as to the character of 'the use by defendant, whether adverse or otherwise, were in accordance with well-settled legal principles. These questions were properly referred to the jury, and their verdict cannot be disturbed upon the facts on which they passed. A remaining ground calls for a passing notice. The proceedings in equity for partition of these lands were admitted as showing the foundation of plaintiff’s deed, and were pertinent to establish the identity of the lands. It cannot be, that facts alleged to be true in such a proceeding, however solemnly admitted by parties defendant, furnish evidence to be used against an entire stranger. The common law rule is too clear to admit of doubt, that their operation is confined to parties or privies. The benefit claimed would open a wide door for the manufacture of testimony, and jeopardize the rights of third persons to an alarming extent.
The motion for new trial is dismissed.
O’Neall, Withers, Glover and Munro, JL, concurred.
Wardlaw, J., did not hear the case.

Appeal dismissed.